[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR MODIFICATION
This twelve year marriage, the third for the defendant and second for the plaintiff, was dissolved on August 13, 1990. The plaintiff-husband was ordered, inter alia, to pay the defendant-wife $200.00 weekly alimony until the death of either CT Page 7846 party, the wife's remarriage, further court order pursuant to46b-86(b) or December 31, 1996. The judgment further provided that for so long as he is obligated to pay alimony, the husband shall have the wife as beneficiary of the life insurance policies listed on his financial affidavit.
By order re motion for modification dated June 18, 1991 the court increased defendant's weekly alimony from $200.00 to $250.00 for a four month period because of her then unemployment.
Defendant's present motion for modification dated April 10, 1992 again seeks an increase of the $200.00 weekly alimony because of "a substantial and material change with respect to the circumstances of the parties."
The defendant again returns unemployed with the further claim that she is now 100 per cent disabled. However, her application for social security benefits based on her alleged disability has been denied and she states that an appeal is pending. The defendant presented no competent medical testimony concerning her present disability but claims to be taking a variety of medications and is "unable to do anything." The defendant has several legal matters presently pending which include claims for social security benefits, workers compensation benefits, a legal action against the plaintiff's daughter for personal injuries and a claim against her former attorney. She has also received an approximate $15,000.00 settlement of a claim for personal injuries sustained when she fell from a defective chair in a restaurant at an Atlantic city Gaming Casino.
The husband testified that he recently inherited approximately $45,000.00 from his mother's estate and has social security benefits and an IRA of $9,600.00. He alleges that after the dissolution his wife who he claims is a gambler purchased a condominium in Groton, Connecticut solely because it was in close proximity to a recently opened gaming casino in Ledyard, Connecticut. He related that she was was also a frequent visitor to Atlantic city and the Jai Alai games. He testified to having had three operations since the dissolution.
The court has reviewed the financial affidavits filed by each of the parties at the time of the 1990 dissolution, the 1991 modification hearing and the present modification hearing.
The plaintiff's weekly income has apparently increased from $693.00 at the time of dissolution to a present income of $817.00. His claimed weekly expenses have also increased from $728.00 to $925.00 His assets have increased from $89,253.00 to CT Page 7847 $99,313.00 and his liabilities have decreased from $25,800.00 to $3,260.00.
The defendant's net weekly income was $155.00 at the time of dissolution when she was working part time and had a 25% back disability. Her weekly expenses were $670.00 and she now claims $708.00. Her assets have decreased from $123,504.00 at dissolution to a present $55,000.00. Her liabilities have increased from $13,193.00 to $19,856.00.
The court finds that there has been a substantial change in the defendant's circumstances in that she is once again unemployed and in addition is claiming but has not proved a 100 per cent disability.
The following orders shall enter:
1. The weekly alimony is modified from $200.00 to $250.00 until her claim for social security benefits is approved, her workers' compensation claim is settled, she receives more than $5,000.00 from any pending litigation she may have, or four months from the date hereof, whichever event shall first occur and at which time the alimony shall revert to the original $200.00 weekly.
2. The plaintiff shall furnish written proof to the defendant that the life insurance policies as ordered in the original dissolution of marriage judgment are presently in effect.
3. The plaintiff shall pay $250.00 toward the defendant's attorney's fees in connection with this matter.
BALLEN JUDGE